[Civ. No. 9892. Second Appellate District, Division Two.—June 13, 1935.]

THOMAS T. SASHIHARA et al., Appellants, v. STATE BOARD OF PHARMACY et al., Respondents.

Maurice Norcop for Appellants.

U. S. Webb, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondents.

CRAIL, J.—Plaintiffs petitioned for a writ of mandate to compel the California State Board of Pharmacy to permit

them to take the examination for Licentiate in Pharmacy. The trial court sustained a general demurrer to the petition without leave to amend, and plaintiffs appeal therefrom.

It is admitted that the plaintiffs are not citizens and are ineligible to become citizens of the United States. Sections 2 and 3 of the Pharmacy Act forbid the registration of all persons, irrespective of moral standing, training, qualifications and experience, who are not "citizens of the United States" etc.

Plaintiffs contend, first, that sections 2 and 3 of the Pharmacy Act conflict with the terms and provisions of the Treaty of Commerce and Navigation between the United States and the nation of which petitioners are subjects, and are to that extent invalid, and, second, that said sections constitute an abuse of the police power and create an arbitrary and discriminatory classification and deny to such aliens the equal protection of the laws.

The pertinent part of such treaty reads as follows: "The citizens or subjects of each of the High Contracting Parties shall have liberty . . . to carry on trade, wholesale and retail, to own . . . shops . . . and generally to do anything incident to or necessary for trade upon the same terms as native citizens or subjects, submitting themselves to the laws and regulations there established." (Vol. 37, U. S. Statutes at Large, part 2, p. 1504.)

The whole matter resolves itself down to the question: Is the occupation of being a pharmacist a trade or is it a profession? If the practice of pharmacy is a trade the treaty is violated; if it is a profession the treaty is not violated. In this connection we must keep in mind the distinction between the business or trade of a druggist as the owner or operator of a drug store and the practice of pharmacy as such. A pharmacist may compound prescriptions. While he is so doing he is exercising his knowledge of the science of pharmacy in compounding drugs; thereafter he or someone else may sell the medicine to a customer. If he does so he becomes, in the doing of said act, a clerk or merchant. The statute which is under discussion does not prevent aliens from operating or owning drug stores or working as clerks therein; it merely prohibits them from being registered as pharmacists and from acting as such. Webster's New International Dictionary in defining the word "trade" says: "The

business which a person has learned, and which he engages in, for procuring subsistence, or for profit; occupation; esp., mechanical employment as distinguished from the liberal arts, the learned professions and agriculture; as, we speak of the trade of a smith, of a carpenter, or mason, but not now of the trade of a farmer, or a lawyer, or a physician.'' In defining the word ''profession'' the same authority says: ''That of which one professes knowledge; the occupation, if not purely commercial, mechanical, agricultural, or the like, to which one devotes one's self; a calling in which one professes to have acquired some special knowledge used by way either of instructing, guiding, or advising others or of serving them in some art; calling; vocation; employment; as the profession of arms; the profession of chemist.'' We are satisfied that the practice of pharmacy is a profession and that the Pharmacy Act is not in violation of the referred to treaty.

We are satisfied also that the object sought to be accomplished by the legislation in question is the protection of the public health, safety and general welfare, and that there is a reasonable relation between that object and the means adopted. This court cannot say that the classification excluding aliens is ''palpably arbitrary.''. In the practice of pharmacy, chemicals and poisons are constantly used and compounded. If not handled with great caution, much harm might be inflicted. And it is obvious from these facts and others that there may be a reasonable basis for the existence of the discrimination against aliens and therefore that the act under discussion is not an abuse of the police power.

Neither do said sections deny to aliens the equal protection of the laws. (See cases collected in 17 Cal. Law Review, p. 666, note.)

Judgment affirmed.

Stephens, P. J., and Fricke, J., *pro tem.*, concurred.